Fill in this information to identify your case:

| Debtor 1 | Allison R Holt |
|---|---|
| | First Name    Middle Name    Last Name |
| Debtor 2 | |
| (Spouse, if filing) | First Name    Middle Name    Last Name |
| United States Bankruptcy Court for the: | NORTHERN DISTRICT OF ILLINOIS |
| Case number: | |
| (If known) | |

☐ Check if this is an amended plan, and list below the sections of the plan that have been changed.

Official Form 113
# Chapter 13 Plan
12/17

## Part 1: Notices

**To Debtor(s):** **This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances or that it is permissible in your judicial district. Plans that do not comply with local rules and judicial rulings may not be confirmable.**

*In the following notice to creditors, you must check each box that applies*

**To Creditors:** **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.**
You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless otherwise ordered by the Bankruptcy Court. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015. In addition, you may need to file a timely proof of claim in order to be paid under any plan.

The following matters may be of particular importance. ***Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.***

| 1.1 | A limit on the amount of a secured claim, set out in Section 3.2, which may result in a partial payment or no payment at all to the secured creditor | ☐ Included | ☑ Not Included |
|---|---|---|---|
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.4. | ☐ Included | ☑ Not Included |
| 1.3 | Nonstandard provisions, set out in Part 8. | ☑ Included | ☐ Not Included |

## Part 2: Plan Payments and Length of Plan

**2.1    Debtor(s) will make regular payments to the trustee as follows:**

$695 per Month for 60 months

*Insert additional lines if needed.*

If fewer than 60 months of payments are specified, additional monthly payments will be made to the extent necessary to make the payments to creditors specified in this plan.

**2.2    Regular payments to the trustee will be made from future income in the following manner.**

*Check all that apply:*
☐ Debtor(s) will make payments pursuant to a payroll deduction order.
☐ Debtor(s) will make payments directly to the trustee.
☑ Other (specify method of payment):
Weekly Payroll Deduction with Chrysler

**2.3 Income tax refunds.**
*Check one.*
☑ Debtor(s) will retain any income tax refunds received during the plan term.

Debtor    Allison R Holt                                        Case number

☐ Debtor(s) will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing the return and will turn over to the trustee all income tax refunds received during the plan term.

☐ Debtor(s) will treat income refunds as follows:

**2.4 Additional payments.**
*Check one.*
☑ **None**. *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*

**2.5** The total amount of estimated payments to the trustee provided for in §§ 2.1 and 2.4 is $41,700.00.

### Part 3: Treatment of Secured Claims

**3.1 Maintenance of payments and cure of default, if any.**

*Check one.*
☑ **None.** *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*

**3.2 Request for valuation of security, payment of fully secured claims, and modification of undersecured claims.** *Check one.*

☑ **None.** *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*

**3.3 Secured claims excluded from 11 U.S.C. § 506.**

*Check one.*
☑ **None**. *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*

**3.4 Lien avoidance**.

*Check one.*
☑ **None.** *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

**3.5 Surrender of collateral.**

*Check one.*
☑ **None.** If "None" is checked, the rest of § 3.5 need not be completed or reproduced.

### Part 4: Treatment of Fees and Priority Claims

**4.1 General**
Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in § 4.5, will be paid in full without postpetition interest.

**4.2 Trustee's fees**
Trustee's fees are governed by statute and may change during the course of the case but are estimated to be 9.00% of plan payments; and during the plan term, they are estimated to total $3,753.00.

**4.3 Attorney's fees.**

The balance of the fees owed to the attorney for the debtor(s) is estimated to be $4,000.00.

**4.4 Priority claims other than attorney's fees and those treated in § 4.5.**

*Check one.*
☐ **None**. *If "None" is checked, the rest of § 4.4 need not be completed or reproduced.*
☑ The debtor(s) estimate the total amount of other priority claims to be $16,487.00

**4.5 Domestic support obligations assigned or owed to a governmental unit and paid less than full amount.**

*Check one.*

Debtor    Allison R Holt                                      Case number _____

☑ **None.** *If "None" is checked, the rest of § 4.5 need not be completed or reproduced.*

### Part 5: Treatment of Nonpriority Unsecured Claims

**5.1   Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata. If more than one option is checked, the option providing the largest payment will be effective. *Check all that apply.*

☐ The sum of $ _____ .
☑ __100.00__ % of the total amount of these claims, an estimated payment of $__16,642.00__ .
☐ The funds remaining after disbursements have been made to all other creditors provided for in this plan.

If the estate of the debtor(s) were liquidated under chapter 7, nonpriority unsecured claims would be paid approximately $__0__.
Regardless of the options checked above, payments on allowed nonpriority unsecured claims will be made in at least this amount.

**5.2   Maintenance of payments and cure of any default on nonpriority unsecured claims.** *Check one.*

☑ **None.** *If "None" is checked, the rest of § 5.2 need not be completed or reproduced.*

**5.3   Other separately classified nonpriority unsecured claims.** *Check one*.

☑ **None.** *If "None" is checked, the rest of § 5.3 need not be completed or reproduced.*

### Part 6: Executory Contracts and Unexpired Leases

**6.1   The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.** *Check one*.

☑ **None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

### Part 7: Vesting of Property of the Estate

**7.1   Property of the estate will vest in the debtor(s) upon**
*Check the appliable box:*
☐ plan confirmation.
☑ entry of discharge.
☐ other: _____

### Part 8: Nonstandard Plan Provisions

**8.1   Check "None" or List Nonstandard Plan Provisions**
☐ **None.** *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*

*Under Bankruptcy Rule 3015(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in the Official Form or deviating from it. Nonstandard provisions set out elsewhere in this plan are ineffective.*

***The following plan provisions will be effective only if there is a check in the box "Included" in § 1.3.***
1. The plan will conclude before the end of the initial term only at such time as allowed claims are paid in full with any interest required by the plan.
2. If the automatic stay is modified in favor of a secured creditor all claims secured by the collateral shall be disallowed; however, an amended claim(s) for a deficiency to be classified as a general, unsecured claim(s) may be filed within 30 days after the collateral has been liquidated. Whether or not an amended claim is filed the debt shall be discharged upon completion of the plan.
3. Expect for valuation of secured claims as specified in the plan, the debtor reserves the right to object to claims following confirmation of the Plan.
4. Payments received by claimants resulting from errors made in the allowance of claim, the calculation of balance due upon allowed claims or payments made upon allowed claims, shall be refunded by the claimant to the Chapter 13 trustee within 30 days of notice of the mistaken payment.

Debtor    Allison R Holt                                        Case number

5. No payment will be made on nonpriority unsecured claims until all secured claims have been paid. Funds received by the trustee which are not needed for the payment of administrative claims, fixed payments on secured claims, arrearage claims or priority claims shall be distributed on a prorate basis to the payment of secured claims.

6. The claim of any creditor designated by the plan to be paid through the plan as secured for whom no timely, secured claim has been filed and allowed shall be classified as a general, unsecured claim and (except to the extent of payments to be made under 11 U.S.C. Section 1322(b) (2)) upon completion of the Chapter 13 plan and entry of discharge such creditor's lien will terminate and be released by the creditor.

7. The debtor is only a co-signer for the 2017 Jeep Cherokee. The payment will be paid outside of the plan to GM Financial.

### Part 9:    Signature(s):

**9.1    Signatures of Debtor(s) and Debtor(s)' Attorney**

*If the Debtor(s) do not have an attorney, the Debtor(s) must sign below, otherwise the Debtor(s) signatures are optional. The attorney for Debtor(s), if any, must sign below.*

X    /s/ Allison R Holt                                         X
     Allison R Holt                                                  Signature of Debtor 2
     Signature of Debtor 1

     Executed on    April 22, 2019                              Executed on

X    /s/ Jacob Maegli                                           Date    April 22, 2019
     Jacob Maegli 6317153
     Signature of Attorney for Debtor(s)

**By filing this document, the Debtor(s), if not represented by an attorney, or the Attorney for Debtor(s) also certify(ies) that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in Official Form 113, other than any nonstandard provisions included in Part 8.**

Debtor        Allison R Holt                                                Case number

## Exhibit: Total Amount of Estimated Trustee Payments

The following are the estimated payments that the plan requires the trustee to disburse. If there is any difference between the amounts set out below and the actual plan terms, the plan terms control.

| | | |
|---|---|---:|
| a. | **Maintenance and cure payments on secured claims** *(Part 3, Section 3.1 total)* | $0.00 |
| b. | **Modified secured claims** *(Part 3, Section 3.2 total)* | $0.00 |
| c. | **Secured claims excluded from 11 U.S.C. § 506** *(Part 3, Section 3.3 total)* | $0.00 |
| d. | **Judicial liens or security interests partially avoided** *(Part 3, Section 3.4 total)* | $0.00 |
| e. | **Fees and priority claims** *(Part 4 total)* | $24,240.00 |
| f. | **Nonpriority unsecured claims** *(Part 5, Section 5.1, highest stated amount)* | $16,642.00 |
| g. | **Maintenance and cure payments on unsecured claims** *(Part 5, Section 5.2 total)* | $0.00 |
| h. | **Separately classified unsecured claims** *(Part 5, Section 5.3 total)* | $0.00 |
| i. | **Trustee payments on executory contracts and unexpired leases** *(Part 6, Section 6.1 total)* | $0.00 |
| j. | **Nonstandard payments** *(Part 8, total)*    + | $0.00 |
| | **Total of lines a through j** | $40,882.00 |

```
                          United States Bankruptcy Court
                            Northern District of Illinois
In re:                                                                  Case No. 19-80961-TML
Allison R Holt                                                          Chapter 13
         Debtor
                                  CERTIFICATE OF NOTICE
District/off: 0752-3          User: kcollopyn              Page 1 of 1                  Date Rcvd: Apr 23, 2019
                              Form ID: pdf001              Total Noticed: 21

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Apr 25, 2019.
db             +Allison R Holt,    246 Rose Avenue,    Loves Park, IL 61111-5043
27770954       +Acima Credit Fka Simpl,    9815 S Monroe St Fl 4,    Sandy, UT 84070-4384
27770959       +Convergent Healthcare,    121 Ne Jefferson St Ste,    Peoria, IL 61602-1256
27770960       +Convergent Outsourcing,    800 Sw 39th St,    Renton, WA 98057-4927
27770963       +Gm Financial,    Po Box 181145,    Arlington, TX 76096-1145
27770971       +Rockford Mer,    Po Box 5847,    Rockford, IL 61125-0847
27770973        Security Fin,    C/o Security Finance,    Spartanburg, SC 29304

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
27770955       +E-mail/Text: EBNProcessing@afni.com Apr 24 2019 01:50:46     Afni, Inc.,    Po Box 3097,
                 Bloomington, IL 61702-3097
27770956       +E-mail/Text: bk@blittandgaines.com Apr 24 2019 01:49:55     Blitt & Gaines,    661 Glenn Ave.,
                 Wheeling, IL 60090-6017
27770957        E-mail/PDF: AIS.cocard.ebn@americaninfosource.com Apr 24 2019 02:06:32     Capital One,
                 15000 Capital One Dr,   Richmond, VA 23238
27770958       +E-mail/PDF: AIS.COAF.EBN@Americaninfosource.com Apr 24 2019 02:06:12     Capital One Auto Finan,
                 3901 Dallas Pkwy,   Plano, TX 75093-7864
27770961       +E-mail/PDF: creditonebknotifications@resurgent.com Apr 24 2019 02:06:42     Credit One Bank Na,
                 Po Box 98875,   Las Vegas, NV 89193-8875
27770962       +E-mail/Text: bknotice@ercbpo.com Apr 24 2019 01:50:38     Enhanced Recovery Co L,
                 8014 Bayberry Rd,   Jacksonville, FL 32256-7412
27770964       +E-mail/Text: cio.bncmail@irs.gov Apr 24 2019 01:49:50     IRS,    P.O. Box 7346,
                 Philadelphia, PA 19101-7346
27770966        E-mail/Text: JCAP_BNC_Notices@jcap.com Apr 24 2019 01:50:53     Jefferson Capital Syst,
                 16 Mcleland Rd,   Saint Cloud, MN 56303
27770967       +E-mail/Text: BKRMailOPS@weltman.com Apr 24 2019 01:50:00     Kay Jewelers,    375 Ghent Rd,
                 Fairlawn, OH 44333-4600
27770968       +E-mail/Text: bankruptcydpt@mcmcg.com Apr 24 2019 01:50:20     Midland Funding,
                 2365 Northside Dr Ste 30,   San Diego, CA 92108-2709
27770969       +E-mail/PDF: cbp@onemainfinancial.com Apr 24 2019 02:06:56     Onemain,    Po Box 1010,
                 Evansville, IN 47706-1010
27770970       +E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Apr 24 2019 02:06:59
                 Portfolio Recov Assoc,   120 Corporate Blvd Ste 100,    Norfolk, VA 23502-4952
27770974        E-mail/PDF: cbp@onemainfinancial.com Apr 24 2019 02:06:59     Springleaf Financial S,
                 5451 E State St,   Rockford, IL 61108
27770975       +E-mail/Text: bnc-bluestem@quantum3group.com Apr 24 2019 01:51:26     Webbank/fingerhut,
                 6250 Ridgewood Rd,   Saint Cloud, MN 56303-0820
                                                                                             TOTAL: 14

           ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
27770965*      +IRS,   P.O. Box 7346,   Philadelphia, PA 19101-7346
27770972*      +Rockford Mer,   Po Box 5847,    Rockford, IL 61125-0847
                                                                                   TOTALS: 0, * 2, ## 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.
```

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Apr 25, 2019                                          Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

```
The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on April 22, 2019 at the address(es) listed below:
          Jacob E Maegli    on behalf of Debtor 1 Allison R Holt rockford@jordanpratt.com
          Patrick S Layng    USTPRegion11.MD.ECF@usdoj.gov
                                                                                             TOTAL: 2
```